1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

7

**MT. POSO COGENERATION CO., LLC,**

8

**Plaintiff**

9

v.

10

**ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED a Bermuda Corporation, and  AEGIS INSURANCE SERVICES, INC., a New Jersey Corporation**

11
12
13

**Defendants**

14
15

AND RELATED COUNTERCLAIMS

16

**CASE NO. 1:16-CV-0162 AWI JLT**

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

17
18
19
20
21
22
23
24
25
26
27
28

On February 3, 2016, Defendants removed this insurance dispute from the Kern County Superior Court.  See Doc. No. 1.  The basis for the removal was diversity jurisdiction.  See id. The Notice of Removal states that the Plaintiff seeks $41.5 million in damages, that Plaintiff is a corporation who is incorporated under the laws of Delaware with a principal place of business in California, and that the defendant corporations are incorporated in either Bermuda or New Jersey with principal places of business in New Jersey.  See id.  Critically, however, the Complaint alleges that Plaintiff is a limited liability company.  See Complaint ¶ 4.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction.  Geographic Expeditions, Inc. v. Estate of Lhotka,

1   599 F.3d 1102, 1107 (9th Cir. 2010); <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582

2   F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of

3   the federal courts, and the burden of establishing the contrary rests upon the party asserting

4   jurisdiction.  <u>Geographic Expeditions</u>, 599 F.3d at 1106-07; <u>Hunter v. Philip Morris USA</u>, 582

5   F.3d 1039, 1042 (9th Cir. 2009).  For diversity jurisdiction, the amount in controversy must

6   exceed $75,000.00, and there must be "complete diversity," which means "each of the plaintiffs

7   must be a citizen of a different state than each of the defendants."  <u>See</u> 28 U.S.C. § 1332(a);

8   <u>Hunter</u>, 582 F.3d at 1043; <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095 (9th Cir. 2003).  "The

9   strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in

10  favor of remand to state court."  <u>Hunter</u>, 582 F.3d at 1042; <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566

11  (9th Cir. 1992).  "If at any time prior to judgment it appears that the district court lacks subject

12  matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>Gibson v. Chrysler Corp.</u>,

13  261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not

14  discretionary."  <u>Bruns v. NCUA</u>, 122 F.3d 1251, 1257 (9th Cir. 1997).

15          Here, there is no doubt that the amount in controversy exceeds $75,000.00.  <u>See</u> Complaint

16  at ¶ 44.  The problem is that it is unclear whether complete diversity exists.  Defendants' notice of

17  removal alleges that Plaintiff is a corporation and then proceeds to identify the state of

18  incorporation and the principal place of business.  If Plaintiff was in fact a corporation, this would

19  sufficiently demonstrate Plaintiff's citizenship, <u>see</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80-81

20  (2010), and complete diversity for purposes of the notice of removal.  Nevertheless, Plaintiff is not

21  a corporation.  As its name expressly shows, Plaintiff is an LLC.  <u>See</u> Complaint ¶ 4; Doc. No. 12.

22  It is well established in the Ninth Circuit that, "like a partnership, an LLC is a citizen of every

23  state of which its owners/members are citizens."  <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437

24  F.3d 894, 899 (9th Cir. 2006); <u>see</u> <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 420 (3d

25  Cir. 2010).  Defendants' allegations regarding Plaintiff's place of business and incorporation do

26  not establish in any way Plaintiff's citizenship.  <u>See id.</u>

27          Plaintiff's Rule 7.1 disclosure shows Plaintiff's "partial" citizenship.  The disclosure

28  indicates that Plaintiff has two members, both of whom are LLC's – DTE Mt. Posco, LLC

1   ("DTE") and Macpherson Green Power Co., LLC ("Macpherson Green").  See Doc. No. 12.  DTE

2   is "ultimately owned" by a corporation that is incorporated in Michigan.  See id.  However, there

3   is no information about the Michigan corporation's principal place of business, see Hertz, 559

4   U.S. at 80-81, and it is unclear whether the Michigan corporation is DTE's only member.  Thus,

5   DTE's "full" citizenship is unknown.  As for Macpherson Green, that entity is "ultimately owned"

6   by a "California corporation" and a California limited partnership.  See Doc. No. 12.  However,

7   assuming that the "California corporation" is incorporated in California, it is still unknown where

8   that corporation's principal place of business is.  Thus, like DTE, the California corporation's

9   "full" citizenship is unknown.  See Hertz, 599 U.S. at 80-81.  As for the California limited

10  partnership, the citizenship of a limited partnership is the same as each of its partners.  Johnson,

11  437 F.3d at 899; Kuntz v. Lamar Corp., 385 F.3d 1177, 1182 (9th Cir. 2004).  There is no

12  information about who the partners in the limited partnership are, or what the partners' citizenship

13  may be.  Thus, the citizenship of the California limited partnership is entirely unknown.  See id.

14          As indicated above, it is Defendants' burden to establish subject matter jurisdiction, and

15  they have not done so.  Based on the filings made in the case to this point, the Court will not

16  immediately remand the matter.  Instead, through an order to show cause, Defendants will be

17  given an opportunity to demonstrate that complete diversity of citizenship exists.  If they cannot

18  do so, this case will be remanded.

19

20                                          **ORDER**

21          Accordingly, IT IS HEREBY ORDERED that, within fourteen (14) days of service of this

22  order, Defendants are to show cause in writing why this case should not be remanded for lack of

23  subject matter jurisdiction.

24

25  IT IS SO ORDERED.

26  Dated:   April 21, 2016         _____

27                                  SENIOR  DISTRICT  JUDGE

28