UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MT. POSO COGENERATION CO., LLC,<br><br>Plaintiff<br><br>v.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED a Bermuda Corporation, and  AEGIS INSURANCE SERVICES, INC., a New Jersey Corporation<br><br>Defendants | CASE NO. 1:16-CV-0162 AWI JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE |
| AND RELATED COUNTERCLAIMS | |

On February 3, 2016, Defendants removed this case from the Kern County Superior Court on the basis of diversity jurisdiction. See Doc. No. 1. Defendants alleged that they are citizens of Bermuda and New Jersey, and indicated that Plaintiff is a citizen of California and Delaware. See id. The allegations concerning Plaintiff's citizenship were based on Plaintiff's place of incorporation and principal place of business. See id. However, Plaintiff is an LLC. As an LLC, Plaintiff is "a citizen of every state of which its owners/members are citizens;" it is not a citizen of its place of "incorporation" or its principal place of business. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because Defendants made no relevant allegations as to the citizenship of Plaintiff's members, Plaintiff's citizenship was unknown. As a result, Defendant was ordered to show cause why the case should not be remanded for lack of subject matter jurisdiction. See Doc. No. 19. On April 29, 2016, Defendants filed their response.

**I.    SHOW CAUSE**

Plaintiff has two members, both of whom are LLC's – DTE Mt. Poso, LLC ("DTEMP") and Macpherson Green Power Co., LLC ("Macpherson Green").  See Doc. No. 12.

<u>1.</u>    <u>Macpherson Green</u>

Macpherson Green is owned by two entities, Macpherson Energy Corporation ("Macpherson Energy") and National Petroleum Associates, LP ("NPA").

<u>a.</u>    <u>Macpherson Energy</u>

Macpherson Energy is a California corporation with its principal place of business in California.  See Cannizzaro Dec. Exs B, F.  Therefore, Macpherson Energy is a citizen only of California.  See Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).

<u>b.</u>    <u>NPA</u>

NPA is a limited partnership, which means that its citizenship is the same as each of its partners.  Johnson, 437 F.3d at 899; Kuntz v. Lamar Corp., 385 F.3d 1177, 1182 (9th Cir. 2004).

<u>i.</u>    <u>General Partner</u>

Macpherson Oil Company ("Macpherson Oil") is the general partner of NPA.  See Cannizzaro Dec. Exs. B, F.  Macpherson Oil is a California corporation, and it appears that its principal place of business is in California.  See id. at Exs. G, I.  Therefore, Macpherson Oil appears to be a citizen only of California.  See Hertz, 559 U.S. at 80-81.

<u>ii.</u>    <u>Limited Partners</u>

Donald Macpherson, Sr. appears to have been a limited partner.  See Cannizzaro Dec. Ex. G.  However, he died in Santa Monica, California in 1999, well before this suit was filed.  See id. at Ex. J.  Therefore, Donald Macpherson, Sr.'s former citizenship is irrelevant.

Donald Macpherson, Jr. appears to be a limited partner.  See id. at Exs. G, L.  Donald Macpherson, Jr. appears to be a citizen of California.  See id. at Exs. L, K.

<u>iii.</u>    <u>Other Partners</u>

Based on information and belief and the public records that have been obtained to this point, Defendants believe that there are no other limited partners and that no limited partner is a citizen of New Jersey or Bermuda.

     iv.  Citizenship of NPA

The evidence submitted by Defendants is sufficient to support allegations that, on information and belief, NPA is not a citizen of New Jersey or Bermuda, but is a citizen only of California.  See Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1084, 1087-88 (9th Cir. 2014) (positively citing *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985) and permitting allegations of citizenship to be made on information and belief where necessary information is not reasonably in the pleading party's possession); Lewis v. Rego Co., 757 F.2d 66, 68-69 (3d Cir. 1985) (permitting allegations of citizenship to be made on information and belief in the context of a notice of removal).  Therefore, at this time NPA is considered a citizen only of California.

    c.  Macpherson Green's Citizenship

At this time, Macpherson Green is considered to be a citizen only of California.

  2.  DTEMP

Defendants have submitted evidence that several LLC's and corporations are involved in the ownership structure of DTEMP.  DTEMP is a wholly owned subsidiary of DTE Woodlands, LLC ("DTEW").  See Cazzarrino Dec. Ex. A at p. 102j.  DTEW is a wholly owned subsidiary of DTE Energy Services Corp. ("DTEES").  See id.  DTEES is a Michigan Corporation with its principal place of business in Michigan, see id. at p. 102d; Cazzarino Dec. Ex. B at p.5, which means that it is a citizen only of Michigan.  Hertz, 559 U.S. at 80-81.

For purposes of this motion, the Court takes the term "wholly owned subsidiary" to mean that there are no other members or "owners" besides the identified owning entity.  Therefore, the only member of DTEMP is DTEW, and the only member of DTEW is DTEES.  Under this structure, DTEMP and DTEW have the same citizenship as DTEES.  Therefore, DTEMP, DTEW, and DTEES are citizens only of Michigan.[1]

---

[1] Defendants have submitted additional information beyond the citizenship of DTEES.  The evidence shows that DTEES is a wholly owned subsidiary of DTE Energy Resources, LLC ("DTEER"), and that DTEER is a wholly owned subsidiary of DTE Energy Company ("DTEEC"), which is a Michigan corporation whose principal place of business is Michigan.  See Cazzarrino Dec. Ex. A at p.102a; Doc. No. 21 at 3:9-15.  Because DTEES is a corporation, and a corporation's citizenship is determined by place of incorporation and principal place of business, information beyond DTEES is unnecessary.  However, even if the Court considered DTEER and DTEEC, the result would not change.  The information regarding these entities shows that they are citizens only of Michigan.  See id.

3. Plaintiff's Citizenship

Plaintiff appears to be a citizen of Michigan and California.

4. Discharge

It appears that complete diversity exists because Plaintiff is not a citizen of New Jersey or Bermuda. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2003). At this time, Defendants have sufficiently established diversity jurisdiction. See Carolina Cas., 741 F.3d at 1084, 1087-88; Lewis, 757 F.2d at 68-69. The Court will discharge the order to show cause and will not remand the case back to the Kern County Superior Court.

## II. Further Proceedings

A scheduling conference in this matter has been reset to May 18, 2016. As part of the scheduling conference, the parties should be prepared to address subject matter jurisdiction with the Magistrate Judge. As discussed above, Defendants have not conclusively established citizenship, but have instead relied on documents that strongly indicate citizenship or have made allegations on the basis of information and belief. Because of the importance of subject matter jurisdiction, the Court would like the issue settled shortly after discovery closes, at the latest. The scheduling order should make provision for Defendants to establish the parties' citizenships, such as through a motion for partial summary judgment on that limited issue.[2] The partial summary judgment motion (or similar motion) should be accompanied by evidence, and may include stipulations.[3] The Court will require that the "citizenship motion" be filed before any motions for summary judgment or other motions for partial summary judgment are filed. The "citizenship motion" also must be filed before trial proceeds in this matter. The Court will not expend scarce judicial resources on a trial or summary judgment motions until the issue of jurisdiction, and in particular citizenship, is resolved.

---

[2] It is Defendants' burden to establish subject matter jurisdiction. See K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

[3] The stipulations can only be as to facts. Parties cannot simply stipulate that jurisdiction exists. Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 n.1 (9th Cir. 1993).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Doc. No. 19) is DISCHARGED; and
2. This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   May 3, 2016                                     _____
                                                                              SENIOR  DISTRICT  JUDGE